UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

NURYS ROJAS SANJURJO,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.
_____/

## NOTICE OF REMOVAL

The Defendant, Target Corporation, (hereinafter "TARGET"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

1. This cause was originally filed by the Plaintiff in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 20-008724 CA 01.

2. This suit is a personal injury civil action in which the Plaintiff, NURYS ROJAS SANJURJO, alleged that the Defendant is liable under a negligence theory for damages suffered by the Plaintiff.

3. 28 U.S.C. §1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

4. The instant suit is one which the District Court of the United States has original jurisdiction since it involves a controversy exclusively between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest

and costs.

5. With respect to the diversity of the parties, Plaintiff is a citizen of Florida and the Defendant is a citizen of Minnesota.

6. At all times material hereto, Plaintiff has been domiciled in the State of Florida.

7. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Id.*

8. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) citing *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998).

9. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." *Audi* citing *McDonald,* 13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *McDonald,* 13 F.Supp.2d at 1281 (citing *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986)).

10. "The objective facts bearing on an individual's 'entire course of conduct'

determine domicile for diversity jurisdiction purposes." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing *Stine*, 213 F.2d at 448.

11. "No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'" *Id*.

12. At all material times Plaintiff has been domiciled in the State of Florida. The "presumption" of Plaintiff's domicile is supported by several sources confirming that Plaintiff resides in the State of Florida.

13. Plaintiff's Complaint alleged that Plaintiff is "*a resident of Miami Dade County, Florida*." A copy of the Complaint is attached hereto as Exhibit A.

14. Plaintiff's counsel sent a Settlement Demand Letter dated January 16, 2020, which provided copies of medical records that referenced a home address for Plaintiff in Miami, Florida. A redacted[1] copy of the January 16, 2020, Settlement Demand Letter is attached hereto as Exhibit B.

15. Further, on the date of the Target Incident, Plaintiff NURYS ROJAS SANJURJO completed a Guest Incident Report and disclosed a Miami, Florida, home address.

16. "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2

---

[1] Plaintiff produced medical records and bills in support of her Settlement Demand Letter. Target attached to this Notice a redacted Settlement Demand Letter. Target is not attaching to this Notice the medical records produced by the Plaintiff to protect the Plaintiff's privacy rights pursuant to Federal Rule of Civil Procedure 5.2, Section 6 of the CM/ECF Administrative Procedures for the Southern District of Florida, as well as those rules and regulations governed by the Health Insurance Portability and Accountability Act (HIPAA). Unredacted copies of these documents and a complete set of the medical bills and records produced by the Plaintiff are available for review by the Court upon request.

(S.D. Fla. June 20, 2011) citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)

17. Therefore, Plaintiff is domiciled in the State of Florida and is, accordingly, a citizen of Florida. *Stine, Supra.*

18. At the time that both the Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Target was, and is, a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota.

19. "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *Werner v. Busch Entertainment Corp.*, 2006 WL 2644920, 1 (MD Fla. 2006) *citing MacGinnitie v. Hobbs Group LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

20. The "nerve center" test is used to determine a corporation's principal place of business when the corporation's physical activities are dispersed across several states. The nerve center test determines a principal place of business by using the location of the corporation's corporate offices or headquarters. *See Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010). Under the nerve center test, Target's principal place of business is in Minnesota.

21. Target has filed the necessary documents with the Florida Secretary of State to establish that it is a corporation organized under the laws of Minnesota. A certified copy of Target's Certificate of Status issued by the Florida Department of State attesting that Target is a corporation organized under the laws of the State of Minnesota is attached hereto as Exhibit C.

22. The Florida Secretary of State's records, including those public records

found online at the Secretary of State's website at www.sunbiz.org such as the 2020 Annual Report of Target Corporation, confirm that Target's principal place of business and principal address are in Minnesota.  A copy of Target's 2020 Foreign Profit Corporation Annual Report found online at the Secretary of State's website are attached hereto as Exhibit D.

23. Target's Senior Corporate Counsel, Daniel Moore, has personal knowledge regarding Target's operations.  Daniel Moore's Affidavit, attached hereto as Exhibit E, states *inter alia* that Target's corporate Headquarters and Executive Offices were and are located in Minneapolis, Minnesota.  Daniel Moore further attests that Target's managerial and policymaking functions were and are performed from Target's Headquarters in Minnesota.  Additionally, Target's corporate books, records, and accounts were and are created and maintained at Target's Headquarters in Minnesota.

24. For purposes of determining jurisdiction under 28 U.S.C. §1332, a corporation is treated as a citizen of any state by which it has been incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. §1332(c)(1).

25. Accordingly, Target was and is a Minnesota corporation and is therefore a citizen of Minnesota for the purposes of 28 U.S.C. §1332.

26. Given that Plaintiff is a citizen of Florida and Target is a citizen of Minnesota, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

27. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

28. When it is not apparent from the face of the Complaint that the jurisdictional

amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F.Supp. 890 (N.D.Fla.1996).

29. Before suit was filed Target received from Plaintiff's counsel a Settlement Demand Letter dated January 16, 2020. The Settlement Demand Letter set forth a settlement demand of $250,000. A redacted copy of the Settlement Demand Letter is attached hereto as Exhibit B. The $250,000 demand establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000.

30. Plaintiff's settlement demand of $250,000 is based on Plaintiff's assessment of the value of her damages and her medical professionals' advice. The Settlement Demand Letter included a description of Plaintiff's treatment history and copies of her medical records and bills.

31. The Settlement Demand Letter indicated that Plaintiff is claiming as a result of this incident that she sustained injuries to her left elbow for which she had an arthroscopic surgery.

32. The Settlement Demand Letter set forth that Plaintiff is claiming as a result of the incident economic damages for medical bills incurred in the amount of $42,928.20 (with some bills not included in this total). The Settlement Demand Letter also claimed that Plaintiff works as a real estate agent and has "*missed time from work due to this incident and she is expected to have a significant lost wage claim.*" The Settlement Demand Letter also described Plaintiff's alleged pain and suffering, physical limitations, and inability to perform certain household tasks.

33. Plaintiff also alleged in the Complaint that she suffered the following

damages:

> As a direct and proximate result of the aforementioned negligence of the Defendant, Target Corporation, the Plaintiff, Nurys Rojas Sanjurjo, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.
>
> In that the injuries suffered by the Plaintiff, Nurys Rojas Sanjurjo, are continuing in nature, she will continue to suffer pain, loss of wages, physical handicap and permanent injury in the future and will be further compelled to expend great sums for medical care and related treatment for those injuries.

34.  Target has established that the amount in controversy is above the $75,000 jurisdictional threshold.  Plaintiff's settlement demand of $250,000 alone establishes the amount in controversy.  Alternatively, the amount in controversy is established by Plaintiff's past medical expenses, past lost wages, loss of future earning capacity, pain and suffering, in addition to the additional categories of claimed damages as alleged in the Compliant.

35.  Plaintiff's pre-suit Settlement Demand provided the first "other papers" which allowed the Defendant to ascertain that the case was removable.

36.  This Notice is timely filed.  The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). Taking into consideration the Settlement Demand received pre-suit, the case became removable on April 27, 2020, by Target's receipt of the Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because the requisite amount in controversy was established.  28 U.S. C. § 1446(b); *See Field v. Nat'l Life Ins. Co.*, 2001 WL 77101 (M.D. Fla. 2001).

37. Accordingly, Target has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

38. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through her attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

39. A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as Exhibit F.

WHEREFORE, the Defendant, TARGET CORPORATION, requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to: ADAM SCHER LAW GROUP, P.A., ADAM G. SCHER, ESQ., ascher@adamscherlaw.com, Counsel for Plaintiff, 1720 Harrison Street, Suite PH-A, Hollywood, Florida 33020.

BOWMAN AND BROOKE, LLP
Attorneys for *Target Corporation*

*/s/ Shawn Libman*
Charles P. Flick Fla. Bar No. 253324
Shawn Y. Libman Fla. Bar No. 10544
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Phone: 305/995-5600
Fax:  305/995-6100
Asst: Maria Esteva 305/995-6086
Charles.Flick@bowmanandbrooke.com
Shawn.Libman@bowmanandbrooke.com
Maria.Esteva@bowmanandbrooke.com